Thornell L. BROWN, Petitioner–Appellant,

v.

Ernest C. ROE, Warden, Respondent–Appellee.

No. 04–57149.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 16, 2007.

Thornell L. Brown, Delano, CA, pro se.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

714

Attorney General, Kyle N. Shaffer, office of the California, Attorney General, San Diego, CA, for Respondent–Appellee.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

California state prisoner Thornell L. Brown appeals *pro se* from the district court's judgment denying his habeas petition under 28 U.S.C. § 2254. Brown was convicted of sale of cocaine and possession of cocaine for sale and sentenced to 13 years in prison. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

■ Brown first contends that the trial court's failure to *sua sponte* instruct the jury that it could only convict him of selling cocaine if it found that he was selling a "usable quantity" of cocaine violated his due process right. When it affirmed Brown's conviction, the California Court of Appeal ruled that California law does not define the crime of selling cocaine with reference to a "usable quantity;" we are bound by that ruling. *See Shannon v. Newland,* 410 F.3d 1083, 1087 (9th Cir. 2005), *cert. denied,* — U.S. —, 126 S.Ct. 1333, 164 L.Ed.2d 49 (2006). Thus there was no due process violation.

■ Brown next contends that trial counsel was ineffective for introducing into evidence a razor blade with some white residue on it. Brown asserts that counsel

was "surprised" to discover the razor blade in his wallet, which police seized from Brown when they arrested him. However, the record makes clear that trial counsel was aware of the razor blade before trial and incorporated it into his theory of the case. Thus, the California Court of Appeal did not unreasonably reject this claim. *See* 28 U.S.C. § 2254(d)(1); *Strickland v. Washington,* 466 U.S. 668, 690–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (suggesting that counsel does not perform deficiently when he investigates the case and forms a trial strategy based on that investigation).

■ Next, Brown contends that his constitutional rights were violated when the trial court denied him access to information contained in the personnel file of one of the arresting officers. Because the record indicates that Brown failed to demonstrate that this information was material to his defense, the California Court of Appeal did not unreasonably reject this claim. *See* 28 U.S.C. § 2254(d)(1); *Strickler v. Greene,* 527 U.S. 263, 292, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). To the extent Brown asserts a violation of California law in this regard, we cannot consider that aspect of this claim. *See Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

Finally, Brown contends that trial counsel was ineffective for failing to object to evidence suggesting that Brown had a prior criminal record. But the evidence to which Brown contends trial counsel should have objected does not support such an inference, and so we cannot say that counsel was deficient in this regard. Thus the California Court of Appeal did not unrea-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

sonably reject this claim. *See* 28 U.S.C. § 2254(d)(1); *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052 (holding that courts need not reach both prongs of an ineffective-assistance claim if the claim fails on one of them).

We construe Brown's briefing of uncertified issues as a motion to expand the certificate of appealability. *See* 9th Cir. R. 22–1(e). So construed, we deny the motion. *See Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**AFFIRMED.**

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.